IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRELL BRADFORD,

    Plaintiff,          No. 2:12-cv-1532 CKD P

    vs.

S. PLATT,

    Defendant.       <u>ORDER</u>

_____ /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed August 2, 2012, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that in October 2011, he was informed by medical staff at Pleasant Valley State Prison that he had contracted "valley fever." He subsequently became very ill. The only defendant identified by plaintiff is "Classification Staff Representative S. Platt."[1] It appears defendant Platt worked at High Desert State Prison when plaintiff was transferred from there to Pleasant Valley and that plaintiff blames his contracting "valley fever" on the persons who transferred plaintiff from High Desert to Pleasant Valley. However, plaintiff fails to allege facts from which a reasonable inference could be drawn that it was Platt that transferred plaintiff to Pleasant Valley. Therefore, he pleads no facts suggesting Platt caused plaintiff any injury.

In light of the foregoing, plaintiff's amended complaint will be dismissed. The court will give plaintiff one final opportunity to state a claim upon which relief can be granted. Plaintiff is reminded that the Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee

---

[1] Plaintiff names "Doe" defendants as well.

the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To state a claim for failure to adequately protect an inmate under the Eighth Amendment, plaintiff must allege facts from which a reasonable inference can be drawn that a prison official exposed plaintiff to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. Id. at 834. So, for plaintiff to state a claim against defendant Platt, he would have to allege: 1) Platt was the one that transferred plaintiff to Pleasant Valley; 2) when Platt did so, Platt subjected plaintiff to a substantial risk of serious harm to which Platt was indifferent; and 3) the transfer caused plaintiff injury.

Also, plaintiff is again informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended

\\\\\
\\\\\
\\\\\
\\\\\

1 | Complaint"; plaintiff must file an original and two copies of the second amended complaint;
2 | failure to file a second amended complaint in accordance with this order will result in dismissal.
3 | Dated: August 29, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
brad1532.14amd