IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRELL BRADFORD,

    Plaintiff,                    No. 2:12-cv-1532 CKD P

    vs.

S. PLATT, et al.,

    Defendants.              <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to have a magistrate judge conduct all proceedings in this case. <u>See</u> 28 U.S.C. § 636(c). By order filed August 29, 2012, plaintiff's amended complaint was dismissed with leave to file a second amended complaint and instructions were given to plaintiff as to how to cure the deficiencies in his amended complaint. Plaintiff has now filed a second amended complaint.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff asserts that in October 2011 while he was housed at Mule Creek State Prison, he was informed that he had contracted "valley fever."  "Valley fever" is causing plaintiff "severe pain" and "discomforts throughout his body."  Plaintiff believes he contracted "valley fever" while he was housed at Pleasant Valley State Prison.  Plaintiff asserts that at the time he was transferred from High Desert State Prison to Pleasant Valley in December 2009, there was

an epidemic of "valley fever" at Pleasant Valley.  The defendants in this case are correctional staff who participated in transferring plaintiff to Pleasant Valley from High Desert.  None of the defendants are medical personnel.

Plaintiff attaches to his second amended complaint a 2007 memorandum authored by Susan Hubbard, Director of Adult Institutions for the California Department of Corrections and Rehabilitation (CDCR) (Second Am. Complt., Ex. A.).[1]  In the memorandum, Director Hubbard indicates that institutions located in the Southern San Joaquin Valley, including Pleasant Valley, are in an area deemed to be "hyperendemic" for "valley fever."  Director Hubbard indicates that inmates with certain risk factors making them more susceptible to "valley fever," such as HIV positive inmates or inmates with cancer should not be transferred into the "hyperendemic" area.

Procedures were implemented to make sure those with high risk factors were not transferred into the "hyperendemic" area.  Director Hubbard ordered that the medical histories of all inmates scheduled for transfer be reviewed no later than December 15, 2007.  If an inmate possessed one of the high risk factors and was scheduled for transfer into the "hyperendemic" area, a "hold" was to be placed on their transfer.  Also, Director Hubbard ordered that the medical histories of the inmates arriving into the "hyperendemic" area were to be reviewed and then inmates were to be transferred out if they suffered from a designated risk factor.

Plaintiff does not allege he suffered from anything making him more susceptible to contracting "valley fever" than a person of good health when he was transferred to Pleasant Valley.  In fact, plaintiff admits he was in "excellent" health at that time.  Second Am. Compl. at 9.  It is not clear whether his medical history was reviewed for his being susceptible to catching "valley fever" before he was transferred to Pleasant Valley.  Also, it is not clear whether the

---

[1] Attachments to a complaint are considered to be part of the complaint for purposes of determining whether the complaint states a claim upon which relief can be granted.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

"valley fever" problem at CDCR's prisons in the Southern San Joaquin Valley had abated by the time plaintiff was transferred there in December of 2009.

The Eighth Amendment's prohibition of cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). An inmate's Eighth Amendment rights can only be violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. Id. at 834. An official is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. at 837.

In the context of failure to protect an inmate from a known threat to safety, deliberate indifference does not require an express intent to punish. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). The standard also does not require that the official believe to a moral certainty that harm will result from failure to act, but he or she must have more than a mere suspicion that it will. Id.

Despite being given two opportunities to amend his pleadings, plaintiff still does not state a claim upon which relief can be granted under the Eighth Amendment. While the court assumes from plaintiff's allegations and the evidence attached to plaintiff's second amended complaint that defendants were aware plaintiff would have an elevated risk of contracting "valley fever" when they transferred him to Pleasant Valley, nothing suggests they had anything more than a suspicion that would occur considering plaintiff did not suffer from any of the risk factors making him more susceptible to contracting the disease.[2] Plaintiff's assertion that there was an

---

[2] Plaintiff suggests that he contracted "valley fever" while housed at Pleasant Valley but he does not explicitly allege as much nor are there facts alleged which make it clear where he caught "valley fever."

1  "epidemic" of "valley fever" at Pleasant Valley is the sort of "naked assertion" identified by the
2  Supreme Court in Bell Atlantic Corp. v. Twombly which is insufficient to state a valid claim for
3  relief since plaintiff fails to present anything in support of his assertion, other than the
4  memorandum authored by Director Hubbard, describing the prevalence of "valley fever" at
5  Pleasant Valley when plaintiff was transferred there.

6        Furthermore, none of the defendants are medical personal.  Absent an indication
7  from medical staff that plaintiff would be at a heightened risk of contracting "valley fever" if he
8  were to be transferred into the "hyperendemic" area, it is difficult to see how plaintiff could
9  adequately allege deliberate indifference to a serious risk of harm by defendants.  See Spruill v.
10 Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (non-medical prison officials will generally be justified
11 in relying on opinions of medical officials in medical matters).

12       Finally, the court notes that plaintiff seems to suggest that defendants actually
13 meant him harm by transferring plaintiff to Pleasant Valley.  However, a review of exhibit B
14 attached to plaintiff's second amended complaint indicates it was plaintiff who requested to be
15 transferred to either Pleasant Valley or a facility in San Diego because of vocational and self help
16 programs available there.

17       In light of the foregoing, the court finds that plaintiff fails to state a claim arising
18 under federal law upon which relief can be granted.[3]  Because it appears that granting plaintiff
19 leave to amend a third time is futile, this action will be dismissed.
20 /////
21 /////
22 /////
23 /////
24 /////

---

[3] The court expresses no opinion as to whether plaintiff states a claim under California law for negligence.  Any such claim must be pursued in a California court.

5

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed; and
2. This case be closed.

Dated: November 20, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
brad1532.dis